Raymond REUDY; Mark Kevin Hicks, dba Advertising Display Systems, Plaintiffs–Appellants,

v.

CBS CORPORATION, a Delaware corporation; Patrick Roche, an individual, Defendants–Appellees,

and

Clear Channel Outdoor, Inc., a Delaware Corporation; William Hooper, an individual; Does 1–50, Defendants.

No. 10–15533.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 13, 2011.

Filed April 28, 2011.

Gerald M. Murphy, Esquire, Luce Forward Hamilton & Scripps, LLP, San Francisco, CA, for Plaintiffs–Appellants.

Scott D. Baker, Esquire, Raymond A. Cardozo, Christine M. Morgan, Esquire, Reed Smith LLP, Duffy Carolan, Allison Ann Davis, Esquire, Davis Wright Tremaine, LLP, San Francisco, CA, Anthony Manuel Leones, Miller Starr & Regalia, Walnut Creek, CA, for Defendant–Appellees.

Before: KOZINSKI, Chief Judge, N.R. SMITH, Circuit Judge, and BLOCK, District Judge.*

* The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

UNITED STATES of America,
Plaintiff–Appellee,

v.

MEMORANDUM [**]

1. The plain language of the Purchase and Sale Agreement does not limit entitlement to attorney's fees to those incurred in an independent action to enforce the agreement. *See Thompson v. Miller,* 112 Cal.App.4th 327, 4 Cal.Rptr.3d 905, 913 (2003). Because the fee provision allows either party to recover fees, section 1717 of the California Civil Code does not apply. *See Associated Convalescent Enters. v. Carl Marks & Co.,* 33 Cal.App.3d 116, 108 Cal.Rptr. 782, 785 (1973).

2. There is no support for appellants' contention that the fee-shifting rule applicable to antitrust claims displaces the different rule set forth in the agreement.

3. With respect to Roche's attorney's fees, the parties agreed that a defaulting party would pay "any and all costs arising as a result of [its] default, including reasonable attorneys' fees." On its face, that provision is not limited to fees incurred by the contracting parties. In any event, Roche was a beneficiary of the agreement's covenant not to sue, and appellants do not dispute that CBS incurred fees defending him. *See Loduca v. Polyzos,* 153 Cal.App.4th 334, 62 Cal.Rptr.3d 780, 786 (2007).

**AFFIRMED.**

[**] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.